**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNDRANECKIO BRASSFIELD**                                          **PETITIONER**
**MDOC inmate #L6103**

**VERSUS**                                           **CAUSE NO. 1:15-cv-122-LG-RHW**

**RON KING, Superintendent**                                    **RESPONDENT**

**MEMORANDUM OPINION AND ORDER
DISMISSING HABEAS CORPUS PETITION**

This cause is before the Court, *sua sponte*, for consideration of dismissal.

Petitioner Brassfield, an inmate of the Mississippi Department of Corrections

(MDOC), files this *pro se* Petition for Writ of Habeas Corpus.  Upon review of the

Petition [1] and Amended Petition [6] in consideration with the applicable case law,

the Court determines that Brassfield is not entitled to relief.

**I.  Background**

Brassfield is currently serving a term of imprisonment for car jacking, four

counts of kidnaping, and armed robbery.  *See Brassfield v. State of Mississippi*, 905

So. 2d 754 (Miss. Ct. App. 2004).  In this habeas petition, Brassfield challenges a

prison disciplinary action wherein he was found guilty of a rule violation report for

assaulting an officer.

According to Brassfield, the incident occurred on March 20, 2013, when he

was housed at the South Mississippi Correctional Institution in Leakesville.[1]  As a

result of this guilty finding, he was placed in solitary confinement, "stripped of

---

[1] Leakesville is in Greene County which is located within the Southern
Division of this Court.

visitation, telephone, and commissary privileges for 60 days" and his custody level was reviewed.  Am. Pet. [6] at 2.  Brassfield appealed the disciplinary action via the prison administrative remedy program and was denied relief.  *Id*. at 3.

Brassfield asserts various complaints regarding the disciplinary process which he claims violates his constitutional rights to due process and protection from double jeopardy.  Specifically, he claims MDOC policy and procedures, along with standards of the American Correctional Association, were not followed because two reports were written for the same incident, he never signed the reports, and he did not have a disciplinary hearing.  As relief in this action he is asking the Court to order the rule violation reports expunged from his prison records.

## II. Analysis

The Court must first determine whether Brassfield has properly brought this action as a habeas corpus petition.  *See Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979) (holding that an action is governed by the essence of the pleading, not by the relief sought by the prisoner or the label placed on the action).  When an action challenges the fact or duration of a prisoner's confinement it is a habeas corpus matter.  *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983).  On the other hand, an inmate's challenge to the conditions of his confinement is properly pursued as a civil rights complaint under 42 U.S.C. § 1983.  *Id*; *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (citing *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (determining a challenge to the "fact and duration" of confinement is habeas in nature, where a challenge to the rules,

2

customs, and procedures affect the "conditions" of confinement and is properly brought as a § 1983 civil action)).  If the Court determines that a favorable ruling on behalf of the prisoner "would *not* automatically entitle the prisoner to accelerated release" from confinement, the complaint is properly characterized as a § 1983 suit. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

Brassfield is not seeking immediate or early release from custody; instead he is requesting the removal of a prison disciplinary action from his inmate records. His allegations do not challenge the fact or duration of his confinement and a favorable ruling would not accelerate his release from incarceration.  Therefore, his claims are not properly before the Court as habeas claims.  *See Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("[H]abeas is not available to review questions unrelated to the cause of detention."); *see also Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (finding restriction on prison privileges is merely a change in the conditions of an inmate's confinement).

If Brassfield's conditions of confinement claims were considered under § 1983, he would not be entitled to relief.  Brassfield is asserting that his constitutional rights to due process and protection from double jeopardy were violated when a prison disciplinary action resulted in his placement in solitary confinement and loss of prison privileges for 60 days.  To invoke the protections of the Due Process Clause, Brassfield must have a protected liberty interest at stake.  In the prison context, a constitutionally protected liberty interest is "limited to freedom from

3

restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995) (noting that discipline by prison officials falls within the expected parameters of the sentence imposed by a court of law).  The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available.  *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002) (holding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, along with 15 days of solitary confinement, resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (finding loss of visitation session insufficient to implicate a liberty interest).

Likewise, a prison disciplinary action does not invoke protection under the Double Jeopardy Clause.  "[T]he constitutional proscription against double jeopardy does not apply to [an inmate's] disciplinary proceeding." *Sanchez v. Allen*, No. 13-41247, 2015 WL 1843542, at *2 (5th Cir. 2015) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)).  Thus, Brassfield cannot maintain these claims as a § 1983 civil action.[2]

---

[2] The Court also notes that a violation of prison policy and procedure does not rise to the level of a constitutional deprivation.  *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.")).

### III.  Conclusion

Brassfield cannot maintain this Petition for habeas corpus relief on grounds which attack the conditions of his confinement.  The remedy pursuant to a writ of habeas corpus is not the proper forum to assert these allegations.  Even if Brassfield were to file his claims as a § 1983 civil action, he could not maintain them.  For the foregoing reasons, this Petition for habeas relief should be denied, and this case will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that *pro se* Petitioner Undraneckio Brassfield's Petition for Writ of Habeas Corpus is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.  A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 22nd day of July, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE